## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DEE DEIDRE FARMER**,

                Plaintiff,

                v.

**DISABILITY PROGRAM
MANAGER, *et al.*,**

                Defendants.

Case No. 19-cv-01731 (TNM)

## MEMORANDUM OPINION

Plaintiff Dee Deidre Farmer filed an action *pro se* in the Superior Court of the District of Columbia against two employees of the U.S. Bureau of Prisons ("BOP"). They removed the case here under 28 U.S.C. §§ 1442, 1446. Pending is Defendants' Motion to Dismiss for, among other reasons, lack of subject matter and personal jurisdiction. Defs.' Mot. to Dismiss, ECF No. 8. For the following reasons, the motion will be granted.

### I.

Farmer is incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). *See* Civ. Compl. for Decl. J. at 3, ECF No. 1-1. She alleges that Acting Warden Eric Earwin of FMC Butner and an unnamed Disability Program Manager for the BOP have discriminated against her by refusing to provide accommodations for her disabilities. *Id.* Farmer claims that they have violated unspecified rights under the Constitution and the laws of the United States and the District of Columbia. *See* Compl. ¶¶ 60–61. So Farmer seeks declaratory and injunctive relief, as well as $200,000 in damages. Compl. ¶ VI; *see* Superior Court Info.

Sheet at 16, ECF No. 1-1.[1]

Defendants understand the discrimination claim to be brought under the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act ("ADA"), and the claim for money damages to be brought under the Federal Tort Claims Act ("FTCA").  *See* Removal Not. ¶¶ 3, 5–6; Defs.' Reply 3, ECF No. 14.  The Court also construes Farmer's Complaint to raise *Bivens* claims for money damages against Earwin and the Disability Program Manager.

## II.

Federal courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).  Thus, in "every case, the jurisdictional requirements of Article III must be present before a court may proceed to the merits."  *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007); *see* Fed. R. Civ. P. 12(h)(3) (requiring that if a court finds "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Besides subject-matter jurisdiction, the plaintiff "bears the burden of establishing personal jurisdiction over each defendant."  *See Azamar v. Stern*, 662 F. Supp. 2d 166, 170–71 (D.D.C. 2009).  To do this, the plaintiff "must allege specific facts upon which personal jurisdiction can be based; [she] cannot rely on conclusory allegations."  *Id*. at 171.

A *pro se* litigant's allegations are held to a less stringent standard than pleadings drafted by lawyers.  *See Harris v. Bowser*, 404 F. Supp. 3d 190, 195 (D.D.C. 2019).  But unrepresented litigants are "not freed from the requirement to plead an adequate jurisdictional basis for their claims."  *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

---

[1]  All page citations refer to the pagination generated by the Court's CM/ECF system.

**III.**

Defendants argue that the derivative jurisdiction doctrine bars this case. Defs.' Mot. at 5–9; Defs.' Reply at 4. Alternatively, they suggest that Farmer's Complaint should be dismissed for lack of personal jurisdiction and improper venue. Defs.' Mot. at 9–12. The Court agrees.

**A.**

The D.C. Superior Court never had jurisdiction over most of Farmer's claims. Under 28 U.S.C. § 1442(a), federal defendants sued in "a State court" may remove the action to a federal district court.[2] When a federal defendant removes a case under § 1442, the federal court may hear the plaintiff's claims only if the state court had jurisdiction to hear those claims. *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v. Baltimore*, 258 U.S. 377, 382 (1922)). This is called the "derivative jurisdiction doctrine," and it applies even if the Court would have had original jurisdiction had the case been filed here first. *Id.*

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). This immunity extends to federal agencies and employees. A waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Each of Famer's potential claims faces insurmountable obstacles. Consider first the Rehabilitation Act. The United States has not consented to be sued in the Superior Court for violating this Act. *See Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (explaining that the Rehabilitation Act adopts the jurisdictional provisions of Title VII of the Civil Rights

---

[2] For removal, the "term 'State court' includes the Superior Court of the District of Columbia." *Id.* § 1442(d)(6).

Act of 1964, which confers original jurisdiction in "[e]ach United States district court," not D.C.

Superior Court).  Nor can the United States be sued for violating the ADA, since the ADA "does

not apply to the federal government."  *Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83 n.2 (D.D.C.

2007); *see* 42 U.S.C. § 12131 (excluding the federal government from the definition of "public

entity" covered by the Act).

More, if Farmer intends to claim money damages under the FTCA, the United States has

rejected the Superior Court's jurisdiction over this type of claim.  Consistent with the Westfall

Act, 28 U.S.C. § 2679(d), the Chief of the U.S. Attorney's Office Civil Division certified that at

all times relevant to this action, Earwin was acting within the scope of his office as a federal

employee.  *See* Removal Not., Ex. B, ECF No. 1-2.  Farmer has not contested this certification.[3]

Thus the "federal employee is dismissed from the case and the United States is substituted as the

defendant in place of the employee."  *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009)

(citing 28 U.S.C. § 2679(d)(1)).  The suit against the federal employee is governed by the FTCA

and is "subject to all of the FTCA's exceptions for actions in which the Government has not

waived sovereign immunity."  *Id.*

The FTCA provides a limited waiver of the federal government's immunity from suit for

monetary damages, but it does not confer jurisdiction in state courts to hear such claims.  *See* 28

U.S.C. § 1346(b) (conferring to federal district courts "exclusive jurisdiction" over FTCA

claims).  Since the Superior Court lacked jurisdiction over this action, this Court now does too.

---

[3] "The certification constitutes *prima facie* evidence that the employee was acting within the
scope of his employment.  To rebut the certification and obtain discovery, a plaintiff must allege
sufficient facts that, taken as true, would establish that the defendant's actions exceeded the
scope of his employment."  *Wuterich*, 562 F.3d at 381 (cleaned up).  Farmer alleges no such
facts.

*Accord Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130–31 (D.D.C. 2014) (examining cases).

Finally, Farmer's Complaint generally alleges that Defendants "violated her rights under the Constitution." Compl. ¶¶ 60–61. So besides suing Earwin and the Disability Program Manager in their official capacities, she arguably asserts *Bivens* claims for money damages against Defendants in their individual capacities. Compl. ¶ 4–5; *see Simpkins v. D.C. Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997) (noting that *Bivens* suits are "actions against federal officers in their individual capacity, not their official capacity"). Farmer insists that her constitutional claims should not be dismissed on derivate jurisdiction grounds because the Superior Court had jurisdiction over these claims and Defendants should not have removed these claims under § 1442.[4] Pl.'s Opp'n at 4–5. Defendants do not meaningfully address these arguments. *See* Defs.' Reply at 4.

Indeed, it appears that the Superior Court may have permissibly exercised jurisdiction over Farmer's *Bivens* claim. *See Gatlin v. Piscitelli*, No. 18-cv-2716, 2020 WL 515882, at *2 (D.D.C. Jan. 31, 2020) ("The doctrine of derivative jurisdiction is inapplicable to Gatlin's Eighth Amendment *Bivens*-claim brought against the individual defendants because states—or here, the District—possesses concurrent jurisdiction to adjudicate constitutional claims." (citing *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)); *see also* James L. Buchwalter, *Cause of Action Under "Bivens" Doctrine Against Federal Official for Violation of Constitutional Rights*, 56 Causes of

---

[4] If Defendants removed Farmer's constitutional claims under § 1441 rather than § 1442(a)(1), the derivative jurisdiction doctrine would not apply. *See Williams*, 386 F. Supp. 3d at 55 ("When a case is removed under Section 1441, a federal court may hear a claim over which it would have had original jurisdiction, even if the state court lacked jurisdiction over the claim. 28 U.S.C. § 1441(f). By contrast, removals under Section 1442 are subject to the derivative jurisdiction requirements.").

Action 2d 593 § 24 (2013) ("A *Bivens* action is almost always brought in federal district court, but a state court of general jurisdiction may certainly hear such a claim as well.").

But the Court need not settle that question since Farmer's *Bivens* claims must be dismissed for lack of personal jurisdiction for the reasons that follow.  *See Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) ("A complaint may be dismissed for lack of personal jurisdiction without settling whether subject-matter jurisdiction exists.").

**B.**

Farmer bears the burden of establishing personal jurisdiction over Warden Earwin and the unnamed Disability Program Manager.  *Azamar*, 662 F. Supp. 2d at 170–71.  Her brief insists that this Court has personal jurisdiction over Defendants because "Defendants work or reside in the District of Columbia, or have sufficient contacts in the District of Columbia."  Pl.'s Opp'n at 5.  But, as Defendants explain, her Complaint does not reflect this.

Personal jurisdiction "must be determined by reference to District of Columbia law."  *United States v. Ferrara,* 54 F.3d 825, 828 (D.C. Cir. 1995).  The District's law allows D.C. courts to "exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13-422.  Alternatively, under the District's long-arm statute, a court may exercise jurisdiction over a non-resident defendant who, as relevant here, (1) "transact[s] any business in the District of Columbia"; (2) "caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia"; (3) or "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, [or] engages in any other persistent course of conduct . . . in the District

of Columbia[.]"[5]  *See* D.C. Code § 13-423(a)(1), (3), (4).

Farmer's Complaint does not allege that either Earwin or the Disability Program Manager are domiciled in the District.  Indeed, it is highly unlikely that Earwin is domiciled in the District since he is the acting warden of FMC Butner in North Carolina.  *See* Compl. ¶ 5.

The Complaint also includes no allegations about the Disability Program Manager's residence or principal place of business.  *See* Compl. ¶ 4.  The Complaint's caption lists the BOP headquarters in Washington, D.C., as the Manager's mailing address, presumably because the Manger is a BOP employee.  *Id*. at 1.  But that is not enough.  *See Richard v. Bell Atl. Corp*., 946 F. Supp. 54, 73–74 (D.D.C. 1996) (holding that a D.C. mailing address alone cannot establish general personal jurisdiction without factual allegations about residence or personal place of business).  The D.C. Circuit has instructed judges in this District to "examine challenges to personal jurisdiction . . .  carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia" since the District is the seat of federal government.  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993); *see also Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 192 (D.D.C. 2007) (finding no personal jurisdiction over BOP employees based solely on the location of the BOP headquarters).  So to establish personal jurisdiction under D.C. Code § 13-422, it is Farmer's burden to allege "*specific* facts" that the Manager resided or worked in the District.  *See Azamar*, 662 F. Supp. 2d at 71 (emphasis added).  This she fails to do.

The Complaint never alleges that the Manager resides in the District or that he or she works at the BOP headquarters.  Nor does Farmer include any facts from which the Court can

---

[5]  Farmer cites D.C. Code § 13-423(a)(7)(E) as the basis for the Court's personal jurisdiction here.  But this provision applies only to "a claim for relief arising from the person's marital or parent and child relationship in the District of Columbia."  *See* D.C. Code § 13-423(a)(7)(E).

infer that the Manger works at the BOP headquarters, such as by suggesting that the Manager's alleged "acts or omissions" occurred in the District.  Without these factual allegations, the Court cannot exercise personal jurisdiction under D.C. Code § 13-422.

Neither has Farmer established personal jurisdiction under the District's long-arm statute. The relevant provisions in the District's long-arm statute require either that the injury be caused "by an act or omission *in the District of Columbia*" or "by an act or omission outside the District of Columbia if [a defendant] regularly does or solicits business," "transact[s] any business," or "engages in any other persistent course of conduct . . . *in the District of Columbia*[.]"  *See* D.C. Code § 13-423(a)(1), (3), (4) (emphasis added).

Farmer's Complaint makes no allegations that Defendants have any personal connection with the District of Columbia, outside their federal employment with the BOP.  In fact, her Complaint only makes three references to the District of Columbia:  (1) Farmer alleges that Defendants "violated her rights under the Constitution and laws of the District of Columbia," *see* Compl. ¶¶ 60–61; *id.* at 1; (2) she asserts that venue is proper and subject-matter jurisdiction is present "under the laws of the District of Columbia," *id.* ¶¶ 1–2; and (3) she notes that she has had civil cases pending in Washington, D.C., *id.* at ¶ 38.  This is not enough.

Since Earwin is the acting warden at FMC Butner in North Carolina, the Court doubts— and Farmer does not allege—that he regularly transacts business in the District.  As for the Disability Programs Manager, at most Farmer's case caption suggests that this Court has jurisdiction over him or her because the Manager is a BOP employee.  *See* Compl. at 1.  But Farmer's Complaint does not allege that the Manager worked at the BOP headquarters or had any persistent contact with the District.  "The mere fact that [Defendants] are federal government employees, affiliated with agencies headquartered or maintaining offices in this district, does not

render them subject to suit in their individual capacities in the District of Columbia." *Akers v. Watts*, 740 F. Supp. 2d 83, 92 (D.D.C. 2010); *see also Skinner v. United States*, No. 05-cv-2237, 2007 WL 744737, at *2 (D.D.C. Mar. 6, 2007) (noting that although "defendants are employees of BOP, the headquarters office of which is in the District of Columbia," this fact "does not render them subject to suit in their individual capacities in the District of Columbia").

Since Farmer's Complaint lacks any factual allegations tying Defendants to the District of Columbia, this Court will dismiss Farmer's *Bivens* claims for lack of personal jurisdiction.

**IV.**

For these reasons, Defendants' Motion to Dismiss under Rule 12(b)(1) and 12(b)(2) is granted.  A separate Order will issue.

Dated:  May 21, 2020
 

                                   _____
                                   TREVOR N. McFADDEN
                                   United States District Judge